LORETTA LACOMBE *vs.* ANTONIO LACOMBE.

APRIL 4, 1952.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is a petition for divorce from bed and board which was heard and denied by a justice of the superior court. From that decision petitioner duly prosecuted her bill of exceptions to this court. These exceptions were sustained and the case was remitted to the superior court with direction to grant the petition on the ground of neglect to provide. *Lacombe* v. *Lacombe,* 78 R. I. 118.

Thereafter and before the actual entry of decree by the superior court in accordance with our direction, petitioner filed a motion for an allowance for separate maintenance out of the estate of her husband, the respondent. At the same time that a decree granting petitioner a divorce from bed and board was entered in accordance with our direction, this motion was granted awarding her a separate maintenance of $10 per week. The case is now before us on respondent's exception to the entry of this decree, to certain evidentiary rulings made during the trial, and to

certain statements contained in the rescript of the trial justice.

The respondent's first exception is based on his contention that the superior court should have required the entry of the decree of divorce from bed and board on the ground of neglect to provide, as ordered by the supreme court, before any further hearing could be held on her motion for allowance based on said decree. We see no merit in this contention. This court, on petitioner's bill of exceptions, reversed the original decision and ordered that a decree be entered in favor of petitioner. *Lacombe* v. *Lacombe, supra.* Thereupon the superior court was empowered to proceed as if it had originally decided the petition for divorce in favor of petitioner, and to grant the prayer for an allowance for separate maintenance which was contained in that petition. The motion for separate allowance, which brought that issue up for hearing, may have been *filed* before the decree of divorce was actually entered in the superior court, but nevertheless the granting of that motion and of the allowance was made simultaneously with the entry of the decree and was made a part thereof. In our opinion there was no error in such procedure. This exception is overruled.

The second exception is to the admissibility of evidence as to respondent's alleged future income. It appears from the record that his testimony as to his wages was presented on April 17, 1951. He testified that at that time he was receiving $52.64 semimonthly, but that beginning on the next pay day in May his pay would be $64.94 for the same period, or an increase of $20 or more a month. It further appeared that such increase had been ordered and was to be retroactive to January 1. In these circumstances this evidence was not of "future wages" and was properly admitted as the respondent was presently entitled to the benefit of such salary increase. This exception is overruled.

The respondent's third exception is to the ruling sustaining petitioner's objection to an inquiry as to whether she

owned an automobile. It appears that respondent had not excepted to this ruling until after the petitioner had answered "No." Later the court sustained the petitioner's objection but in the absence of a motion to strike, such answer stands. On that state of the record respondent had the benefit of the answer and could not be prejudiced thereby. This exception is overruled.

The respondent's fourth exception is to the ruling of the trial justice sustaining petitioner's objection to the inquiry as to how much money she had in the bank. This inquiry did not relate to her income but was directed to the amount of the corpus of her estate. In any event it is our opinion that the duty which the law imposes upon a husband to support his wife is not dependent upon her ability to support herself out of her own property. See *Jennings* v. *Jennings*, 78 R. I. 139. This exception is overruled.

Exceptions seventh to twelfth inclusive relate to various statements in the decision of the trial justice awarding to petitioner the sum of $10 per week. These statements were erroneously referred to by respondent as decisions. Notwithstanding this unapproved method of attempting to make certain grounds the subjects of separate exceptions instead of taking and stating one exception to the decision, we have carefully examined the record independently and are of the opinion that the evidence amply supports the decision in accordance with the correct law to be applied. These exceptions are overruled.

We have considered respondent's two remaining exceptions and find them to be without merit. They are therefore overruled.

All of the respondent's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*Harlow & Boudreau*, for petitioner.

*William J. McGair*, for respondent.